**ROBINSON BROG LEINWAND GREENE**
  **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
(212) 603-6300
*Proposed Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

**NEW CREATORS INC.**
**D/B/A SUSHI SASABUNE NY,**

　　　　　　　　　　　　　　　Debtor.

---------------------------------------------------------X

Chapter 11

Case No: 15-12899-jlg

## DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN COUNSEL

TO THE HONORABLE JAMES L. GARRITY
UNITED STATES BANRUPTCY JUDGE:

　　　The debtor and debtor in possession, **New Creators Inc. d/b/a Sushi Sasabune NY** (the "Debtor"), seeks the entry of an order, annexed to this application as **Exhibit A**, pursuant to sections 327(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor's retention and employment of **Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("Robinson Brog") effective as of October 29, 2015, to provide legal services in connection with this case. In support thereof, the Debtor states:

## JURISDICTION AND VENUE

1. Jurisdiction over this application is vested in the United States District Court for this District pursuant to Sections 1334 of Title 28 of the United States Code (the "Judicial Code").

2. This application has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. §§157(b)(2). The statutory predicates for the relief sought herein are Sections 327 and 1107 of the Bankruptcy Code.

4. Venue of this motion in this district is proper pursuant to Section 1409 of the Judicial Code.

## BACKGROUND

5. The Debtor owns and operates a Japanese restaurant on the Upper East Side of Manhattan.

6. On October 29. 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. The Debtor filed its schedules and statement of financial affairs on the Petition Date.

8. No committee, trustee or examiner has been appointed in the Debtor's case.

## RELIEF REQUESTED

9. The Debtor seeks authorization to retain Robinson Brog as its general counsel to represent it in this case and assist it in carrying out its duties as debtor in possession under Chapter 11 of the Bankruptcy Code effective as of the Petition Date.

### THE NEED FOR ROBINSON BROG

10. The Debtor needs a firm with specific expertise in Chapter 11 reorganizations to guide it through the intricacies of the Chapter 11 process. Robinson Brog has successfully shepherded numerous debtors through Chapter 11 reorganizations before this and other courts and the Debtor believes that Robinson Brog is well qualified to represent it in this case.

### SERVICES TO BE RENDERED DURING THE CASE

11. The professional services to be rendered by Robinson Brog in this case shall include, but shall not be limited to:

   (a) providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its property;

   (b) negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

   (c) appearing before the various taxing authorities to work out a plan to pay taxes owing in installments;

   (d) preparing on the Debtor's behalf necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

   (e) appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court;

   (f) performing all other legal services for the Debtor that may be necessary herein; and

(g)  assisting the Debtor in connection with all aspects of this chapter 11 case.

## **FEES**

12. It is necessary for the Debtor to employ experienced counsel to provide the foregoing legal services. It is contemplated that Robinson Brog will be compensated for the services described herein at Robinson Brog's ordinary billing rates and in accordance with its customary billing practices with respect to other charges and expenses. The current hourly billing rates of members, associates, law clerks, paralegals and legal assistants are set forth in the Declaration of A. Mitchell Greene, submitted herewith in support of this Application. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

13. The Debtor understands that any compensation and expenses paid to Robinson Brog must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any order entered by this Court.

14. In return for providing the above-referenced services, Robinson Brog will receive its customary fees, subject to the submission of appropriate applications and the approval of this Court. Prior to the Petition Date, Robinson Brog received one payment from the Debtor totaling $21,717.00 of which $18,175.50 was expended in pre-filing counseling and preparing the petition and related first day filing documents for filing with the Court and $1,717.00 was expended for the Debtor's Chapter 11 filing fee. Accordingly, as of the Petition Date, Robinson Brog holds a retainer of $1,824.50 for the Debtor.

## **DISINTERESTEDNESS**

15. The Debtor believes that Robinson Brog is a "disinterested person" as that term is defined by the Bankruptcy Code. Robinson Brog represents no interest materially adverse to the

Debtor, its estate, its creditors, or its equity holders. Except as stated herein and in the declaration annexed hereto, Robinson Brog has never represented the Debtor previously. To the best of the Debtor's knowledge, information and belief, Robinson Brog has no connection with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

## BASIS FOR THE REQUESTED RETENTION

16. Section 327(a) of the Bankruptcy Code provides that a debtor, with the Court's approval, may employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are disinterested persons to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). Robinson Brog fits such criterion.

## CONCLUSION

17. The Debtor submits that for the reasons set forth above, the retention of Robinson Brog is essential to its successful reorganization. Accordingly, the Debtor submits that it is in the best interest of the Debtor, its estate and its creditors, for the Debtor to be authorized to retain Robinson Brog.

18. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order effective as of October 29, 2015 approving the retention of Robinson Brog on the terms and conditions set forth herein and in the annexed declaration and granting such other and further relief as is just and proper.

**DATED:**   New York, New York
November 9, 2015

                        **NEW CREATORS INC.**
                        **D/B/A SUSHI SASABUNE NY**

                        **By:**  /s/ Kenji Takahashi
                        **KENJI TAKAHASHI**
                        **CEO**

**KENJI TAKAHASHI,** affirms as follows:

That he has read the foregoing Application and that the same is true.

                                 **NEW CREATORS INC.**
                                 **D/B/A SUSHI SASABUNE NY**

                                 **By:** /s/ Kenji Takahashi
                                 **KENJI TAKAHASHI**
                                 **CEO**