**ROBINSON BROG LEINWAND GREENE**
 **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
(212) 603-6300
*Proposed Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:

**NEW CREATORS INC.**
**D/B/A SUSHI SASABUNE NY,**

                Debtor.

----------------------------------------------------------X

Chapter 11

Case No: 15-12899-jlg

STATE OF NEW YORK    )
                              ss.:
COUNTY OF NEW YORK  )

### DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN COUNSEL

      **A. Mitchell Greene**, declares, under penalty of perjury:

      1.      I am a shareholder of **Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("Robinson Brog"). Robinson Brog maintains offices and a principal place of business at **875 Third Avenue, New York, New York 10022**. I have been duly admitted to practice in the United States District Court for the Southern District of New York.

      2.      This declaration is submitted in support of the *Debtor's Application for Authorization to Retain Counsel* (the "Application"). Pursuant to the Application,

{00758923.DOC;2 }

**New Creators Inc. d/b/a Sushi Sasabune** (the "Debtor"), seeks to retain Robinson Brog to provide legal services in connection with this case as more fully set forth below. I am the attorney at Robinson Brog who will bear primary responsibility for this case. It is anticipated that certain services will be performed by other partners and associates at Robinson Brog. Associates at the firm charge hourly rates between $365.00 and $450.00 for services to be rendered. Additionally, the firm's paralegals charge hourly rates between $175.00 and $225.00 for services to be rendered. Shareholders of Robinson Brog charge hourly rates between from $450.00 and $650.00 for services to be rendered. Robinson Brog reserves the right to increase its hourly rates, if appropriate. I have read and I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York.

       3.      The Debtor seeks authorization to retain Robinson Brog as its general and corporate counsel to represent it in this case and assist it in carrying out its duties as a debtor in possession under Chapter 11 of the Bankruptcy Code. In that connection, the professional services to be rendered by Robinson Brog in this case shall include, but shall not be limited to:

(a)   providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its properties;

(b)   negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

(c)   appearing before the various taxing authorities to work out a plan to pay taxes owing in installments;

(d)   preparing on the Debtor's behalf necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

    (e)    appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court;

    (f)    performing all other legal services for the Debtor that may be necessary herein; and

    (g)    assisting the Debtor in connection with all aspects of this Chapter 11 case.

4. I believe that Robinson Brog is in the best position to render such services to the Debtor due to its extensive knowledge and experience with all aspects of practice in cases under Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Robinson Brog has successfully shepherded numerous debtors through Chapter 11 reorganizations before this and other courts, and I believe that Robinson Brog is well qualified to represent the Debtor in this case. I believe Robinson Brog is competent to represent the interests of the Debtor herein in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

5. In October, 2015, the Debtor engaged Robinson Brog to provide counsel with respect to a potential restructuring. In connection with Robinson Brog's representation of the Debtor, Robinson Brog received one payment of **$21,717.00** from the Debtor which amount included payment on account of the $1,717.00 chapter 11 filing fee for this Debtor's case.

6. Robinson Brog performed current services on the Debtor's behalf in connection with the preparation of the bankruptcy filing and billed the Debtor for such services in the amount of $18,175.50. After payment of the $1,717.00 chapter 11 filing fee, Robinson Brog now holds a retainer in the amount of $1,824.50 as of the Petition Date.

7. There is no pre-petition balance due to Robinson Brog from the Debtor. Robinson Brog has not drawn down on the pre-petition Retainer since the Petition Date. The

Retainer is not an evergreen retainer, and is refundable if not earned and if the firm's fees are not approved by the Court. Robinson Brog does not have a fee splitting arrangement with any party.

8. Neither I nor any other shareholder or associate of Robinson Brog has represented or now represents any entity in connection with this case.

9. To the best of my information and belief, neither I nor Robinson Brog holds nor represents any interest adverse to the Debtor in the matters upon which we are to be engaged. I believe that Robinson Brog, its partners and associates, are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code. To the best of my knowledge, information and belief, Robinson Brog has no connection with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

10. Robinson Brog strictly adheres to a conflict checking procedure, which involves the attorney responsible for the engagement completing a Client/Matter Intake Report (the "<u>Intake Report</u>"). The Intake Report requires the responsible attorney to list, to the extent such information is available at that time, and again if additional information becomes available at a later date, all parties involved in a specific matter, whether such parties are the proposed client or any affiliate, any adverse parties and their counsel and any other interested party. The Intake Report also allows the attorney to list specific, additional conflict search terms to be checked against Robinson Brog's client database. Robinson Brog's time and billing software has a special module for such conflict searches. Before a new client number is generated, the accounting department processes the Intake Report through the conflicts module to determine if there are any conflicts with present or former clients of the firm. If a search results in a match for

a potential conflict, the information is reviewed by the attorney and any relevant information is set forth for disclosure under Bankruptcy Rule 2014.

11. Separate from and in addition to the Intake Report and database search set forth in paragraph 10, personnel at Robinson Brog also prepare a list of new matters at the firm which contain the client and affiliate names, known adverse parties, all other relevant parties and a brief description of the substance of the engagement, along with the name of the attorney responsible for the matter. This list is circulated by email to all attorneys in the firm. If any attorney recognizes a conflict, that attorney is required to immediately notify the attorney responsible for the engagement who then determines if additional disclosures are required to supplement those generated by the original conflict search. Accordingly, all new matters at the firm undergo both a mechanical search by the conflicts software module against the firm's client database and an additional search through review by every attorney at the firm through the circulation of the new matter list.

12. With respect to the Debtor, prior to completing the Intake Report, I reviewed the list of all creditors of the Debtor for any actual or potential conflicts that we were personally aware of. All of those parties were then listed on the Intake Report, and were processed through our conflicts software for potential conflicts with present or former clients. The processing of the Intake Report as described above and the firm wide dissemination of the new matter client list disclosed no matters requiring disclosure under Bankruptcy Rule 2014 or any other provision of the Bankruptcy Code.

13. The firm's policy requires the continued monitoring of the case for any additional information requiring supplemental disclosure. For example, if the Debtor was to amend its schedules and statement of financial affairs, those filings would be reviewed by attorneys at the

firm and resubmitted through the procedures described above to uncover any additional conflicts.

In the event any additional potential conflicts are discovered, Robinson Brog will further supplement this declaration to make the appropriate disclosures.

**Dated: New York, New York**
         **November 9, 2015**

                                        **/s/ A. MITCHELL GREENE**
                                        **A. MITCHELL GREENE**