UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

**NEW CREATORS INC.
D/B/A SUSHI SASABUNE NY,**

                    Debtor.

-----------------------------------------------------------X

Chapter 11

Case No:  15-12899-jlg

**DECLARATION OF CLEMENT YEE
IN SUPPORT OF DEBTOR'S MOTION PURSUANT TO
SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE TO
(I) APPROVE THE DEBTOR'S PROPOSED FORM OF ADEQUATE
ASSURANCE OF PAYMENT, (II) ESTABLISH PROCEDURES FOR
RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBIT
<u>UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE</u>**

I, Clement Yee, declare under penalty of perjury as follows:

1. I am an associate at Robinson Brog Leinwand Green Genovese & Gluck P.C. ("Robinson Brog"). Robinson Brog is currently the proposed attorneys for New Creators Inc. d/b/a Sushi Sasbune NY (the "Debtor"). If called on as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Debtor's Motion Pursuant to Section 105(a) and 366 of the Bankruptcy Code to (I) Approve the Debtor's Proposed Form of Adequate Assurance of Payment, (II) Establish Procedures For Resolving Objections by Utility Companies, and (III) Prohibit Utilities From Altering, Refusing, or Discontinuing Service.

3. On November 5, 2015, I placed a telephone call to representatives of the Debtor's three scheduled utility providers — Con Edison, Verizon and Time Warner Cable.

4. I informed each utility provider that the Debtor had recently filed bankruptcy and that under the Bankruptcy Code, the Debtor was required to offer adequate assurance of

{00760881.DOC;1 }

payment. I further informed each utility provider, that based on the Debtor's past payment history and its obligations to remain current on postpetition expenses, the Debtor did not believe adequate assurance in the form of a deposit was necessary. However, to the extent that a utility provider wanted a deposit, I informed them that the Debtor was prepared to submit a deposit equal to two weeks of service for that specific utility provider. Both Verizon and Time Warner Cable declined the offer of an additional deposit. Time Warner Cable also informed me that the account was in the name of Kenji Takahashi, the Debtor's principal, and not the Debtor.

5. However, Con Edison stated that its usual practice when a company files for bankruptcy is to request a two month deposit. I informed Con Edison that the Debtor could offer two weeks and was in the process of seeking an order to resolve any disputes regarding an additional deposit. I requested a service address and was given an address for service of legal documents.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: November 13, 2015
      New York, New York

                                                   /s/ Clement Yee
                                                   Clement Yee